JACQUELINE DESOUZA, State Bar No.: 133686
DESOUZA LAW OFFICES, a professional corporation
2397 Shattuck Avenue, Suite 202
Berkeley, CA 94704
Telephone: (510) 649-3420
Facsimile:  (510) 649-1711
jdesouza@dlawcorp.com

Attorneys for Defendants:
Martin Lettunich, Stefan Matan

# IN THE UNITED STATES DISTRICT COURT

## NORTHEN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XS Holding B.V., derivatively on behalf of Xslent Technologies, LLC and XET Holding Co., LLC, and separately on its own behalf<br><br>Plaintiff,<br><br>v.<br><br>COOL EARTH SOLAR, INC., a Delaware corporation; ROB LAMKIN, an individual; LAWRENCE ASUNCION, an individual; SOLAR COMPONENTS LLC, a Delaware limited liability company; NATHAN SCHULHOF, an individual; M. JAMES BULLEN, an individual: MARTIN N. LETTUNICH, an individual; STEFAN MATAN, an individual; and XSLENT, LLC, a Nevada limited liability company and ATIRA TECHNOLOGIES, LLC, a Nevada limited liability company;<br><br>Defendants.<br>_____/ | Case No. C08 02282 (RMW)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS THIS ACTION FOR LACK OF DIVERSITY JURISDICTION AND FAILURE TO NAME INDISPENSABLE PARTIES**<br>**[Fed.R.Civ.P. rule 12(b)(1),(7).]**<br><br>Date: July 25, 2008<br>Time: 9:00 a.m.<br>The Hon. Ronald M. Whyte |

NOTICE IS HEREBY GIVEN:

On July 25, 2008, at 9:00 a.m. before the Hon. Ronald M. Whyte, Defendants Martin Lettunich and Stefan Matan will move this Court for an Order dismissing this action pursuant to Federal Rules of Civil Procedure, rule 12(b)(1) for lack of jurisdiction and pursuant to Federal Rules of Civil Procedure, rule 12(b)(7) and rule 19 for failing to name indispensable parties.

This motion is based upon this notice of motion, the accompanying memorandum of points and authorities, declaration of Jacqueline deSouza, declaration of Martin Lettunich, and request for judicial notice, filed concurrently; upon such additional documents as may be filed on

1 | this motion and in this action; and upon such oral evidence and argument as may be introduced at
2 | the hearing on this motion.

4 | Dated: May 22, 2008                     DESOUZA LAW OFFICES, PC

6 |                                          By:_____
                                             Jacqueline deSouza
7 |                                          Attorneys for Defendants Martin Lettunich
                                             and Stefan Matan

**NOTICE OF MOTION AND MOTION TO DISMISS [FRCP 12(b)(1) and 12(b)(7)] –PAGE 2**

# EXHIBIT A

## Jacqueline DeSouza

**From:** Riehle, Paul [paul.riehle@sdma.com]
**Sent:** Friday, April 11, 2008 8:11 AM
**To:** Riehle, Paul; bwalsh@scscourt.org; lroberts@rehonroberts.com; keb@svlg.com; CA@svlg.com; Frank.Ubhaus@berliner.com; Jacqueline DeSouza; amt@svlg.com; dla@svlg.com; lmcpharlin@mstpartners.com; nalejandro@mstpartners.com; Shang, Jia-Ming
**Subject:** Notice of Withdrawal

To the Court and All Counsel:

Please take notice that Defendants and Cross-Complaintant hereby withdraw their TRO application re the proposed Schuloff/Bullen license. This withdrawal is made without prejudice to any and all objections to the proposed license and is made without waiving any rights.

This withdrawal will be confirmed by a pleading filed with the Court.

Very truly yours,

Paul Riehle
Counsel for Cross-Complainants
--------------------------
Sent from my BlackBerry Wireless Handheld

## Jacqueline DeSouza

| | |
|---|---|
| **From:** | BWalsh@scscourt.org |
| **Sent:** | Friday, April 11, 2008 8:51 AM |
| **To:** | Riehle, Paul |
| **Cc:** | amt@svlg.com; CA@svlg.com; dla@svlg.com; Frank.Ubhaus@berliner.com; Jacqueline DeSouza; Shang, Jia-Ming; keb@svlg.com; lmcpharlin@mstpartners.com; lroberts@rehonroberts.com; nalejandro@mstpartners.com; Riehle, Paul |
| **Subject:** | Re: Notice of Withdrawal |

Thank you for the information, Mr. Riehle.

Judge Walsh

# EXHIBIT B

# EXHIBIT B

```
 1                SUPERIOR COURT OF CALIFORNIA                    1

 2                   COUNTY OF SANTA CLARA

 3        BEFORE THE HONORABLE BRIAN C. WALSH, JUDGE

 4                    DEPARTMENT NUMBER 9

 5                         ---oOo---

 6   XET HOLDINGS,                    )
                                      )
 7           Plaintiff,               )
                                      )  No. 1-07-CV-092388
 8   vs.                              )
                                      )
 9   XS HOLDING,                      )
                                      )  Pages 1 - 158
10           Defendant.               )
     _____)
11   AND RELATED CROSS-ACTIONS        )
     _____)
12

13
              Reporter's Transcript of Proceedings
14

15            Wednesday, April 30, 2008

16
     APPEARANCES OF COUNSEL:
17

18      For XET, Xslent Technologies, LLC, Xslent, LLC:
           Silicon Valley Law Group
19         25 Metro Drive, Suite 600
           San Jose, California 95110
20         BY:  Kathryn Barrett, Attorney at Law
                Chris Ashworth, Attorney at Law
21

22      For Brian Caffyn, XS Holding, BV:
           Sedgwick, Detert, Moran & Arnold
23         One Market Plaza, 8th Floor
           San Francisco, California 94105
24         BY:  Paul Riehle, Attorney at Law

25

        For Martin Lettunich, Stefan Matan, and KORE
26   Technologies:
           DeSouza Law Offices
27         2397 Shattuck Avenue, Suite 202
           Berkeley, California 94704
28         BY:  Jacqueline deSouza, Attorney at Law
```

```
 1        For Atira Technologies:
          Berliner Cohen
 2        Ten Almaden Boulevard, Suite 1100
          San Jose, California 95113
 3        BY:  Frank R. Ubhaus, Attorney at Law
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25   Official Reporter:    Aura N. Clendenen, RPR, CSR 10080
26
27
28
```

**I N D E X**

FOR XS/CAFFYN:                                    PAGE

WITNESS
Direct Examination                                90
Cross-Examination by Ms. deSouza                  107
Cross-Examination by Mr. Ashworth                 110
Examination by the Court                          126
Redirect Examination                              128

---oOo---

1          E-mail, I'm not going to make rulings by
2   e-mail, and if you have objections to documents being
3   filed, you should make them in the normal course, not by
4   e-mail.
5          Though we have this sort of unusual
6   relationship, given that I have this case for single
7   assignment and I think certain short cause are valuable
8   to all, we still must remember that ex-parte
9   communications to the Court are improper.
10         That is to say, that absent the concurrence of
11  all counsel, nothing should be submitted to me on the
12  substance of any dispute.
13         To the extent you want to communicate with me
14  about scheduling, that's permissible.  That's an
15  exception to the ex-parte rule.  And I think I've said
16  among scheduling can be a heads-up, you know, "I
17  understand people want to come down tomorrow at 8:30 on
18  this issue."  I don't think that's improper.
19         Editorializing on the issue would be.
20         Now, it may come to pass as with the recent
21  e-mail exchange that there is some confusion over what
22  we're hearing.  But, again, I think you ought to share
23  that confusion with each other and try to straighten it
24  out, and only if there's agreement, send it to me.
25         So which brings me to today's to-do list as to
26  the substance.
27         If I understand correctly, the application for
28  OSC re license agreement has been withdrawn.  I think

```
 1   before us today is, among other things, the order to
 2   shorten cause why a preliminary injunction should not
 3   issue to enjoin XET Holding and Martin Lettunich from
 4   entering into the agreement of terms of option agreement
 5   and a convertible promissory note and guarantee.
 6            But I'm not sure if that's still before us or
 7   it's been modified slightly.
 8            And then also before us is an OSC re XS and
 9   Caffyn's application for a preliminary injunction which
10   had been scheduled for hearing April 2nd which
11   Mr. Ashworth has characterized as the redo.  I'm not in
12   any way accepting that characterization, but if I can
13   borrow it, it keeps me clearer on what we're doing.
14            And in support of that, Mr. Riehle has
15   submitted his response to the financial reconciliation
16   and a request for pretrial accounting.
17            Do I have that right?
18            MR. RIEHLE:  I believe that's correct, Your
19   Honor.
20            THE COURT:  Okay.  So we're still here on the
21   option agreement on the promissory note.
22            MR. RIEHLE:  I think the Court's order denying
23   it, the TRO, mooted, you know, the application that
24   prevented them from signing.  So I think that is mooted,
25   Your Honor.
26            THE COURT:  Okay.  All right.  So then we're
27   here entirely on what Mr. Ashworth has called the redo.
28            MR. RIEHLE:  Not accepting his
```

```
 1   characterization, Your Honor, but Mr. Ashworth does
 2   sometimes have a way with words.
 3           THE COURT:  Again, help me here.  Going back
 4   through my piles, I think this originated early this
 5   year in a ex-parte application to modify the January 2,
 6   2008, order set for February 14th and then continued
 7   several times.  Is that still the operating document?
 8           MR. RIEHLE:  I believe it is, Your Honor.
 9           THE COURT:  All right.
10           MR. RIEHLE:  With the overlay of the financial
11   reconciliation.
12           THE COURT:  Right.  Okay.
13           All right.  So we're all on that.  We all
14   understand why Mr. Riehle has asked to us be here this
15   morning.
16           Okay.  Mr. Ashworth?
17           MR. ASHWORTH:  Yes.  As a sort of a -- what do
18   you call that? -- laundry list -- or housekeeping
19   manner, is there any crossover -- is there any
20   cross-relevance between what appears to be an accounting
21   problem, which can be tried in October, with the
22   discrete relief, essentially, redo, if you like,
23   restoring XS Caffyn to its 4.12 rights, restoring Caffyn
24   to its double votes, and the couple of other things that
25   necessarily implicate that relief.
26           Is there a crossover?  Can we separate those,
27   or are you going to pre-try the accounting issues?
28           THE COURT:  I am here to hear whatever
```

```
                                                                    158
1                SUPERIOR COURT OF CALIFORNIA

2                   COUNTY OF SANTA CLARA

3                         ---oOo---

4   XET HOLDINGS,              )
                               )
5            Plaintiff,        )
                               )  No. 1-07-CV-092388
6   vs.                        )
                               )
7   XS HOLDING,                )
                               )
8            Defendant.        )
    _____)
9   AND RELATED CROSS-ACTIONS. )
    _____)
10

11       I, Aura N. Clendenen, Official Reporter for the

12  Superior Court of California, County of Santa Clara, do

13  hereby certify:

14       That I was present at the time of the above

15  proceedings; that I took down in machine shorthand notes

16  all proceedings had and testimony given and thereafter

17  transcribed with the aid of a computer; that the above

18  and foregoing is a true, correct, and complete

19  transcription of said shorthand notes and a true,

20  correct and complete transcript of all proceedings had

21  and testimony taken, to the best of my ability; that I

22  am not an interested party to the action.

23            Dated:  May 4, 2008

24

25

26            _____

27            Aura N. Clendenen, RPR, CSR No. 10080

28
```