JACQUELINE DESOUZA, State Bar No.: 133686
DESOUZA LAW OFFICES, a professional corporation
2397 Shattuck Avenue, Suite 202
Berkeley, CA 94704
Telephone: (510) 649-3420
Facsimile:  (510) 649-1711
jdesouza@dlawcorp.com

Attorneys for Defendants:
Martin Lettunich, Stefan Matan

### IN THE UNITED STATES DISTRICT COURT

### NORTHEN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XS Holding B.V., derivatively on behalf of Xslent Technologies, LLC and XET Holding Co., LLC, and separately on its own behalf<br><br>Plaintiff,<br><br>v.<br><br>COOL EARTH SOLAR, INC., a Delaware corporation; ROB LAMKIN, an individual; LAWRENCE ASUNCION, an individual; SOLAR COMPONENTS LLC, a Delaware limited liability company; NATHAN SCHULHOF, an individual; M. JAMES BULLEN, an individual: MARTIN N. LETTUNICH, an individual; STEFAN MATAN, an individual; and XSLENT, LLC, a Nevada limited liability company and ATIRA TECHNOLOGIES, LLC, a Nevada limited liability company;<br><br>Defendants. | Case No. C08 02282 (RMW)<br><br>**DECLARATION OF JACQUELINE DESOUZA IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THIS ACTION FOR LACK OF DIVERSITY JURISDICTION AND FAILURE TO NAME INDISPENSABLE PARTIES; AND MOTION FOR SANCTIONS**<br>[Fed.R.Civ.P. rules 11, 12(b)(1),(7).]<br><br>Date: July 25, 2008<br>Time: 9:00 a.m.<br>The Hon. Ronald M. Whyte |

I, Jacqueline deSouza, declare as follows:

1.  I am an attorney licensed to practice before the Courts of this District and of this State. I am employed with Desouza Law Offices, PC, attorneys of record for Defendants Martin Lettunich and Stefan Matan. I make this declaration based on my personal knowledge and upon my role as custodian of the litigation files in this matter. If called as a witness I would and could testify to the statements set forth in this declaration.

2.  On April 8th, and 10th, XS Holding B.V. and Brian Caffyn ("XS/Caffyn") sought a temporary restraining order preventing Martin Lettunich, Xslent Technologies, LLC

**DECLARATION OF J. DESOUZA IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SANCTIONS –PAGE 1**

1  ("XT") and XET Holding Co, LLC ("XET") from entering into two proposed business
2  deals one with Solar Components and the other with Cool Earth.  I appeared at hearings
3  on both days.  Those business deals are the same ones that are the subject of claims made
4  in this federal court action.  On or about April 11th, after submitting motion papers and
5  arguing both applications, Paul Riehle (counsel for XS/Caffyn) withdrew the request for a
6  restraining order as to the Solar Components transaction.   Attached hereto and
7  incorporated herein by reference as **Exhibit A** is a true and correct copy of an email from
8  Mr. Riehle to all parties and the Court advising that he was withdrawing the Solar
9  Components temporary restraining order and response from the Court.

10 3.  The Court denied XS/Caffyn's request for a temporary restraining order as to the Cool
11  Earth transaction and set a hearing date on Mr. Riehle's application for preliminary
12  injunction for April 30th, when the parties were to argue an earlier application for
13  preliminary injunction that XS/Caffyn sought.   (See, Request for Judicial Notice, Exhibit
14  K.)   At the hearing, Mr. Riehle advised the Court that the denial of his application for a
15  temporary restraining order had "mooted" his application for preliminary injunction and he
16  was not seeking to enjoin the Cool Earth transaction.  Attached hereto and incorporated
17  herein by reference as **Exhibit B** are true and correct copy of relevant pages of the
18  reporter's transcript from the April 30th hearing.)

19 4.  On May 20, 2008, I received email notice that Mr. Riehle served a California Code of
20  Civil Procedure section 170.6 peremptory challenge as to Judge Walsh.  Judge Walsh had
21  been assigned to the state court action for all purposes by stipulation of the parties and
22  counsel, including XS/Caffyn and Mr. Riehle in November of 2007.  Judge Walsh
23  scheduled a conference call on May 21st , in which I participated and objected to the notice
24  of disqualification.   Judge Walsh set Mr. Riehle's notice for hearing on June 3rd.

25 I declare under penalty of perjury, under the Laws of the United States, that the forgoing is true
26 and correct.  Executed in Berkeley, California on May 22, 2008.
27 _____/s/_____
28 Jacqueline deSouza

**DECLARATION OF J. DESOUZA IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SANCTIONS  –PAGE 2**

# EXHIBIT A

## Jacqueline DeSouza

**From:** Riehle, Paul [paul.riehle@sdma.com]
**Sent:** Friday, April 11, 2008 8:11 AM
**To:** Riehle, Paul; bwalsh@scscourt.org; lroberts@rehonroberts.com; keb@svlg.com; CA@svlg.com; Frank.Ubhaus@berliner.com; Jacqueline DeSouza; amt@svlg.com; dla@svlg.com; lmcpharlin@mstpartners.com; nalejandro@mstpartners.com; Shang, Jia-Ming
**Subject:** Notice of Withdrawal

To the Court and All Counsel:

Please take notice that Defendants and Cross-Complaintant hereby withdraw their TRO application re the proposed Schuloff/Bullen license. This withdrawal is made without prejudice to any and all objections to the proposed license and is made without waiving any rights.

This withdrawal will be confirmed by a pleading filed with the Court.

Very truly yours,

Paul Riehle
Counsel for Cross-Complainants
--------------------------
Sent from my BlackBerry Wireless Handheld

**Jacqueline DeSouza**

| | |
|---|---|
| **From:** | BWalsh@scscourt.org |
| **Sent:** | Friday, April 11, 2008 8:51 AM |
| **To:** | Riehle, Paul |
| **Cc:** | amt@svlg.com; CA@svlg.com; dla@svlg.com; Frank.Ubhaus@berliner.com; Jacqueline DeSouza; Shang, Jia-Ming; keb@svlg.com; lmcpharlin@mstpartners.com; lroberts@rehonroberts.com; nalejandro@mstpartners.com; Riehle, Paul |
| **Subject:** | Re: Notice of Withdrawal |

Thank you for the information, Mr. Riehle.

Judge Walsh

# EXHIBIT B


```
 1                SUPERIOR COURT OF CALIFORNIA                          1

 2                   COUNTY OF SANTA CLARA

 3         BEFORE THE HONORABLE BRIAN C. WALSH, JUDGE

 4                     DEPARTMENT NUMBER 9

 5                         ---oOo---

 6   XET HOLDINGS,                      )
                                        )
 7           Plaintiff,                 )
                                        )  No. 1-07-CV-092388
 8   vs.                                )
                                        )
 9   XS HOLDING,                        )
                                        )  Pages 1 - 158
10           Defendant.                 )
     _____)
11   AND RELATED CROSS-ACTIONS          )
     _____)
12

13
                Reporter's Transcript of Proceedings
14

15                  Wednesday, April 30, 2008

16
     APPEARANCES OF COUNSEL:
17

18       For XET, Xslent Technologies, LLC, Xslent, LLC:
            Silicon Valley Law Group
19          25 Metro Drive, Suite 600
            San Jose, California 95110
20          BY:  Kathryn Barrett, Attorney at Law
                 Chris Ashworth, Attorney at Law
21

22       For Brian Caffyn, XS Holding, BV:
            Sedgwick, Detert, Moran & Arnold
23          One Market Plaza, 8th Floor
            San Francisco, California  94105
24          BY:  Paul Riehle, Attorney at Law

25

         For Martin Lettunich, Stefan Matan, and KORE
26   Technologies:
            DeSouza Law Offices
27          2397 Shattuck Avenue, Suite 202
            Berkeley, California 94704
28          BY:  Jacqueline deSouza, Attorney at Law
```

```
 1        For Atira Technologies:
          Berliner Cohen
 2        Ten Almaden Boulevard, Suite 1100
          San Jose, California 95113
 3        BY:  Frank R. Ubhaus, Attorney at Law
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25   Official Reporter:   Aura N. Clendenen, RPR, CSR 10080
26
27
28
```

2

3

**I N D E X**

FOR XS/CAFFYN:                                    PAGE

WITNESS
Direct Examination                                 90
Cross-Examination by Ms. deSouza                  107
Cross-Examination by Mr. Ashworth                 110
Examination by the Court                          126
Redirect Examination                              128

---oOo---

1  E-mail, I'm not going to make rulings by
2  e-mail, and if you have objections to documents being
3  filed, you should make them in the normal course, not by
4  e-mail.
5        Though we have this sort of unusual
6  relationship, given that I have this case for single
7  assignment and I think certain short cause are valuable
8  to all, we still must remember that ex-parte
9  communications to the Court are improper.
10       That is to say, that absent the concurrence of
11  all counsel, nothing should be submitted to me on the
12  substance of any dispute.
13       To the extent you want to communicate with me
14  about scheduling, that's permissible.  That's an
15  exception to the ex-parte rule.  And I think I've said
16  among scheduling can be a heads-up, you know, "I
17  understand people want to come down tomorrow at 8:30 on
18  this issue."  I don't think that's improper.
19       Editorializing on the issue would be.
20       Now, it may come to pass as with the recent
21  e-mail exchange that there is some confusion over what
22  we're hearing.  But, again, I think you ought to share
23  that confusion with each other and try to straighten it
24  out, and only if there's agreement, send it to me.
25       So which brings me to today's to-do list as to
26  the substance.
27       If I understand correctly, the application for
28  OSC re license agreement has been withdrawn.  I think

```
 1   before us today is, among other things, the order to
 2   shorten cause why a preliminary injunction should not
 3   issue to enjoin XET Holding and Martin Lettunich from
 4   entering into the agreement of terms of option agreement
 5   and a convertible promissory note and guarantee.
 6          But I'm not sure if that's still before us or
 7   it's been modified slightly.
 8          And then also before us is an OSC re XS and
 9   Caffyn's application for a preliminary injunction which
10   had been scheduled for hearing April 2nd which
11   Mr. Ashworth has characterized as the redo.  I'm not in
12   any way accepting that characterization, but if I can
13   borrow it, it keeps me clearer on what we're doing.
14          And in support of that, Mr. Riehle has
15   submitted his response to the financial reconciliation
16   and a request for pretrial accounting.
17          Do I have that right?
18          MR. RIEHLE:  I believe that's correct, Your
19   Honor.
20          THE COURT:  Okay.  So we're still here on the
21   option agreement on the promissory note.
22          MR. RIEHLE:  I think the Court's order denying
23   it, the TRO, mooted, you know, the application that
24   prevented them from signing.  So I think that is mooted,
25   Your Honor.
26          THE COURT:  Okay.  All right.  So then we're
27   here entirely on what Mr. Ashworth has called the redo.
28          MR. RIEHLE:  Not accepting his
```

23

1  characterization, Your Honor, but Mr. Ashworth does
2  sometimes have a way with words.
3          THE COURT: Again, help me here. Going back
4  through my piles, I think this originated early this
5  year in a ex-parte application to modify the January 2,
6  2008, order set for February 14th and then continued
7  several times. Is that still the operating document?
8          MR. RIEHLE: I believe it is, Your Honor.
9          THE COURT: All right.
10         MR. RIEHLE: With the overlay of the financial
11 reconciliation.
12         THE COURT: Right. Okay.
13         All right. So we're all on that. We all
14 understand why Mr. Riehle has asked to us be here this
15 morning.
16         Okay. Mr. Ashworth?
17         MR. ASHWORTH: Yes. As a sort of a -- what do
18 you call that? -- laundry list -- or housekeeping
19 manner, is there any crossover -- is there any
20 cross-relevance between what appears to be an accounting
21 problem, which can be tried in October, with the
22 discrete relief, essentially, redo, if you like,
23 restoring XS Caffyn to its 4.12 rights, restoring Caffyn
24 to its double votes, and the couple of other things that
25 necessarily implicate that relief.
26         Is there a crossover? Can we separate those,
27 or are you going to pre-try the accounting issues?
28         THE COURT: I am here to hear whatever

158

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

---oOo---

| | |
|---|---|
| XET HOLDINGS, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1-07-CV-092388 |
| XS HOLDING, | ) |
| Defendant. | ) |
| AND RELATED CROSS-ACTIONS. | ) |

I, Aura N. Clendenen, Official Reporter for the Superior Court of California, County of Santa Clara, do hereby certify:

That I was present at the time of the above proceedings; that I took down in machine shorthand notes all proceedings had and testimony given and thereafter transcribed with the aid of a computer; that the above and foregoing is a true, correct, and complete transcription of said shorthand notes and a true, correct and complete transcript of all proceedings had and testimony taken, to the best of my ability; that I am not an interested party to the action.

Dated: May 4, 2008

_____
Aura N. Clendenen, RPR, CSR No. 10080