**CHRISTOPHER ASHWORTH (SBN 54889)**
**KATHRYN E. BARRETT (SBN 162100)**
**SILICON VALLEY LAW GROUP**
**A Law Corporation**
**25 Metro Drive, Suite 600**
**San Jose, CA  95110**
**Telephone:     (408) 573-5700**
**Facsimile:      (408) 573-5701**

**Attorneys for Defendant Xslent, LLC**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XS HOLDING B.V., et al. | Case No. C08 02282 RMW |
| Plaintiffs, | |
| v. | **DEFENDANT XSLENT, LLC'S *EX PARTE* APPLICATION FOR ALL DEFENDANTS TO BE RELIEVED OF THE OBLIGATIONS OF FRCP RULE 26 UNTIL FURTHER ORDER OF THIS COURT** |
| COOL EARTH SOLAR, INC., et al., | |
| Defendants. | |

Defendant XSLENT, LLC ["Xslent] hereby applies *ex parte*, for an order relieving all defendants in this case from their obligation to proceed with, *inter alia*, early disclosures pursuant to FRCP Rule 26 in this matter commenced by XS Holding B.V. ["XS"].

The grounds of the application are that (1) there is already pending a motion to dismiss for want of subject matter jurisdiction and for want of indispensable parties under FRCP Rule 12(b)(1),(7); and (2) any discovery which may eventuate in this case is or will be completely duplicative of that conducted and to be conducted in a State action filed last July styled *XET Holding Co., LLC, et al vs. XS Holding B.V., et al.* Santa Clara Case No. 107-CV 092388 [the "107" Case"], filed on August 20, 2007.  The case was assigned for all purposes to th Honroable Brian Walsh.  The "107" Case was consolidated with another case 108-CV 106601 [the "108" Case].  The State action is presently set for trial on October 6, 2008, having been continued from the original trial date of June 30, 2008.

**1. Background information.** In July, 2007 the management of XET and a sister company XT Technologies, LLC ["XT"] removed one Brian Caffyn [Caffyn] from his position as an officer and soon thereafter exercised their contractual rights to diminish certain of Caffyn's company (XS Holding BV) minority rights to veto certain actions by those two companies. XET and others filed the State action as just described. XS and Caffyn ["XS/Caffyn"] cross-complained. XET obtained a temporary restraining order restraining Caffyn from interfering with the managers' meetings of XET and XT by asserting that he still had a "double" vote on the Boards. Caffyn was further restrained from "attempting to...terminate any contract or similar arrangement with any third party on behalf of XET Holding Co., LLC or Xslent Technologies, LLC". XS/Caffyn moved for its own TRO and OSC re injunction, seeking a court order that he still retained a double vote and that certain veto powers – lost when XS failed to honor its investment obligations – be restored. The hearing on the preliminary injunction proceedings was had over three days in October, 2007.

On October 30, 2007, Judge Walsh ruled that XS/Caffyn could not have the relief sought by them. In December of 2007 XS/Caffyn brought another application for temporary restraining order and injunction seeking substantially identical relief, and was accordingly denied. XS/Caffyn thereafter brought on yet another application for temporary restraining order and preliminary injunction, seeking already-litigated relief. As part of its requested relief, XS/Caffyn also sought to enjoin the intellectual property transactions that are the gravamen of its federal case against defendants Cool Earth Solar, Inc. and Nathan Schulhoff. The Superior Court denied XS/Caffyn's application for temporary restraining order wherein he sought to restrain XET from entering into licensing agreements with Nathan Schulhoff and Cool Earth. The subsequent hearing on the injunction, including live evidence, was on April 30, 2008, however, XS/Caffyn did not proceed with that part of his application that involved restraining XET's licenses with Schulhoff and Cool Earth, which agreements are the subject matter of this action.

On that same day, Judge Walsh consolidated the "107" and "108" cases before himself for all purposes. Before Judge Walsh could rule on the pending (and redundant) injunction sought by XS/Caffyn, counsel for XS/Caffyn took advantage of the consolidation to immediately

file a motion under California Code of Civil Procedure §170.6 to automatically disqualify Judge Walsh from both cases[1]. (A §170.6 motion would have been out of time for the "107" case, but the addition of the "108" case to Judge Walsh's "all purpose" status gave XS/CAffyn another bite at the §170.6 apple which extended to the consolidated action). The consolidated matter is now before the Honorable Kevin Murphy. XS/Caffyn has now moved to have the case designated a "complex case" and assigned to one of the two judges (not including Judge Murphy) dedicated to hearing such cases.

The disqualification of Judge Walsh was accomplished by counsel for XS/Caffyn despite the fact that XS/Caffyn's most recent (redundant) motion for an injunction was under submission before Judge Walsh and will now need to be ruled upon by another judge. Additionally, XET's motion to compel the deposition of Brian Caffyn was likewise pending before Judge Walsh and will have to be heard by another judge.

Numerous rulings by Judge Walsh have been the subject of writ proceedings and appeals. To date, XS/Caffyn have not succeeded although there are still two appeals pending.

At the commencement of the State matter, counsel for XS/Caffyn, by far the wealthier party, informed the undersigned that "we are going to give you an octopus".

**2. The commencement of all discovery in this case should await this court's ruling on the jurisdictional motion.** The undersigned has read the Rule 12 (b) (1), (7) motion with some care. It appears that this court lacks subject matter jurisdiction. It would be an horrific economic waste – and an "octopus" diversion of Xslent's counsel's time – to participate in discovery that may well come to naught. The jurisdictional motion is now set for hearing on July 25, 2008. Even if the motion were denied, little would be lost by scheduling the Rule 26 meet and confer and disclosure requirements until after this court's ruling.

And we have attempted to meet and confer on the issue. On June 16 (today) the various counsel in the consolidated 107 and 108 cases met in Judge Murphy's jury room at approximately 9:30. The undersigned expressly asked counsel for XS/Caffyn to agree to defer

---

[1] Notably, it was XS/Caffyn that originally sought, via unopposed motion, to have Judge Walsh appointed to this case for all purposes.

**DEFENDANT XSLENT, LLC'S *EX PARTE* APPLICATION RE RULE 26 DISCOVERY**
3

Rule 26 disclosures and the like until after the ruling on the jurisdictional motion.  The offer was rejected by counsel for XS/Caffyn.  The undersigned left the meeting to return to the office to draft this application.  Reportedly, after the undersigned left the meeting, counsel for XS/Caffyn slightly changed their tune and said "we'll think about it and let you know later today".  It is now "later today".  No agreement has been forthcoming from XS/Caffyn's counsel.

**3. All of the discovery in this case would be duplicative of discovery already had and to be had in the State action.**  Engaging in discovery in this case will do no more than add a duplicative layer of effort in the already on-going effort for the parties to conclude discovery and be ready for an October 6, 2008 trial, as scheduled.  In view of XS/Caffyn's threat to "give you an octopus",  the commencement of this action and the attendant procedural *accouterment* simply presage more expensive litigation where none is needed.

Filed under separate cover are the latest complaint of the original plaintiffs in the 107 case and the latest cross-complaint of XS/Caffyn[2] for the court's convenient reference.  Also included will be the latest complaint in the 108 case and XS/Caffyn's cross-complaint.

**4. Conclusion.**  The court should order that all discovery, including conformance with Rule 26, be stayed until further order of this court in accordance with the form of order submitted concurrently herewith.

Dated: June 16, 2008                         SILICON VALLEY LAW GROUP
                                             A Law Corporation

                                             By:    /s/ Christopher Ashworth
                                                    CHRISTOPHER ASHWORTH

---

[2]Less exhibits.

**DEFENDANT XSLENT, LLC'S *EX PARTE* APPLICATION RE RULE 26 DISCOVERY**
10235331                                     4