SEDGWICK, DETERT, MORAN & ARNOLD LLP
PAUL RIEHLE  Bar No. 115199
RANDALL BLOCK  Bar No. 121330
JIA-MING SHANG  Bar No. 233326
One Market Plaza, Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile:  (415) 781-2635
Email: *jiaming.shang@sdma.com*

Attorneys for Plaintiff
XS HOLDING B.V., a Dutch Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XS HOLDING B.V, derivatively on behalf of Xslent Technologies, LLC and XET Holding Co., LLC, and separately on its own behalf,<br><br>Plaintiff,<br><br>COOL EARTH SOLAR, INC., a Delaware corporation; ROB LAMKIN, an individual; LAWRENCE ASUNCION, an individual; SOLAR COMPONENTS LLC, a Delaware limited liability company; NATHAN SCHULHOF, an individual; M. JAMES BULLEN, an individual; MARTIN N. LETTUNICH, an individual; STEFAN MATAN, an individual; and XSLENT, LLC, a Nevada limited liability company and ATIRA TECHNOLOGIES, LLC, a Nevada limited liability company;<br><br>Defendants. | CASE NO. C08 02282 RMW (PVT)<br><br>**PLAINTIFF XS HOLDING B.V.'S CASE MANAGEMENT STATEMENT** |

Plaintiff XS Holding B.V. respectfully submits its Case Management Conference Statement and Proposed Order pursuant to the Court's May 5, 2008 Order and Local Civil Rule 16-9. The statement is made by Plaintiff alone because no defendant has appeared before this Court.

**Jurisdiction and Service**

Subject matter jurisdiction in this case is based on diversity. Plaintiffs do not anticipate any issues concerning personal jurisdiction or venue. All named defendants have been served with a First Amended Complaint and Summons. As detailed in the "Dismissals" section below, a number of defendants, after being served, were dismissed without prejudice. None of the remaining defendants have appeared.

**Facts**

This case centers on two limited liability companies formed in April of 2007 named Xslent Technologies, LLC ("XT") and XET Holding Co., LLC ("XET"). The members of the two companies had a falling out in July and August of 2007 over the actions by Martin Lettunich and Stefan Matan, acting on behalf of Xslent, LLC ("Xslent") and Atira Technologies, LLC ("Atira") (Lettunich, Matan, Xslent, and Atira collectively ("Derivative Defendants") . In April or May 2008, some or all of the Derivative Defendants entered into one or more transactions with defendants Cool Earth Solar, Inc., Solar Components, LLC, Rob Lamkin, Lawrence Asuncion, Nathan Schulhof, and M. James Bullen (collectively, "Direct Defendants"), whereby it was agreed that the Direct Defendants could purchase, receive, or benefit from assets of XT and XET at prices significantly below their worth.

**Legal Issues**

Plaintiff contends that the actions by the Derivative Defendants injured XT and XET and were breaches of their fiduciary duties to the companies. Plaintiff asserted those claims derivatively on behalf of XT and XET.

Plaintiff further contends that the transactions by the Direct Defendants with XT and XET constituted actionable torts, directly recoverable by Plaintiff.

**Dismissals**

The Direct Defendants have all been served but none have filed a responsive pleading. The Derivative Defendants have been voluntarily dismissed without prejudice in order to bring the derivative claims in a related State court action discussed below. Plaintiff may bring some or all of the Derivative Defendants back into this case at a later point.

**Motions**

The Derivative Defendants previously filed a motion to dismiss which was denied as moot. No motions are pending and Plaintiff does not anticipate any motions at present.

**Amendment of Pleadings**

Except for the possibility of bringing in previously dismissed defendants, no amendments are contemplated at the moment. Additional defendants and facts may be included in the future. Since no defendants are currently present before the Court, a deadline for amendments is premature.

**Evidence Preservation**

Plaintiff has retained all evidence relevant to the case.

**Disclosures**

No disclosures can be made because no defendants have appeared. Additionally, pursuant to Magistrate Judge Trumbulls' order, discovery and disclosures are stayed until September 2, 2008.

**Discovery**

Plaintiff has not been able to confer on a proposed discovery plan because none of the remaining defendants have made an appearance. No limitations or modifications of the discovery rules are required. The scope of discovery will include depositions of the principal individuals involved, written discovery, and document requests.

**Related Cases**

A case involving similar facts is currently pending in Santa Clara Superior Court, captioned *XET Holding Co., LLC, et. al. v. XS Holding B.V., et. al.*, Case No. 107CV092388 consolidated with 108CV106601. A notice of pendency has been filed in this action.

**Relief**

The Complaint seeks general damages, special damages, consequential damages, restitution and disgorgement of profits, including, but not limited to lost opportunity and lost profit damages, and equitable relief.

**Consent to Magistrate Judge**

Plaintiff has declined to proceed before a Magistrate Judge.

**Other References**

At present, the case is unsuited to reference for binding arbitration, a special master, or Multidistrict Litigation.

**Scheduling**

Because no defendants have appeared, it is premature to discuss scheduling.

**Trial**

Plaintiff has demanded a trial by jury and expects said trial to take between 2 to 3 weeks.

**Disclosure of Non-Party Interested Entities or Persons.**

Plaintiff filed a Certification of Interested Entities or Persons on May 1, 2008, wherein counsel for Plaintiff certified that Atira Technologies, LLC and its members, ISG Solar, LLC and its members, Xslent, LLC and its members, and Brian Caffyn, an individual, could be substantially affected by the outcome of this proceeding.

**Miscellaneous**

In light of the fact that none of the Direct Defendants have responded to the First Amended Complaint and that Plaintiff is the only party who has appeared thus far, Plaintiff proposes that the August 8, 2008 Case Management Conference be continued for 30 days in order to allow the Direct Defendants additional time to respond.

Dated: August 1, 2008

Respectfully Submitted,

By : _____\s\_____
Jia-Ming Shang
Attorneys for Plaintiff XS Holding B.V.

**CASE MANAGEMENT ORDER**

Having read the Case Management Statement submitted by Plaintiff XS Holding B.V. and in consideration that none of the remaining defendants have appeared in this case, the Court ORDERS that:

The Case Management Conference scheduled for August 8, 2008 is continued to September 9, 2008 in order to allow defendants additional time to respond to the complaint;

A Case Management Statement shall be filed on or before September ____, 2008.


DATED: _____        _____
                                                    UNITED STATES DISTRICT JUDGE